IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02561-DME-KLM

TERRY TYLER,

    Plaintiff,

v.

J. JONES, Acting Warden,
CAPTAIN CHRIS, and
UNIT MANAGER DERR,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion for Summary Judgment** [Docket No. 55; Filed June 03, 2010] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C. the Motion has been referred to this Court for recommendation. The matter has been fully briefed and is ripe for resolution. The Court has considered the relevant Motion [Docket No. 55], Plaintiff's Response [Docket No. 60], Defendants' Reply [Docket No. 63][1] and the applicable case law and is sufficiently advised in the premises. For the reasons set forth below, I **RECOMMEND** that the Motion be **GRANTED**.

### I. Background

---

[1] In addition, I note that Plaintiff filed an additional pleading purporting to be a surreply [Docket No. 65]. Plaintiff was not given leave to file a surreply, which is not contemplated by the Federal Rules. However, given Plaintiff's *pro se* status, to the extent that the surreply is relevant and not frivolous, the Court considers it.

1

Plaintiff is a *pro se* inmate currently confined at the Federal Correctional Institution ("FCI") in Petersburg, Virginia. *Motion* [#55] at 1. He was previously designated to the United States Penitentiary ("USP") in Florence, Colorado. *Id.* On October 23, 2009, Plaintiff filed a federal lawsuit pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971) primarily to address his placement in the Special Housing Unit ("SHU") at USP - Florence [Docket No. 4]. On January 12, 2010, Plaintiff was directed to file a Second Amended Complaint ("Complaint"), which is the operative pleading for purposes of resolution of the Motion [Docket Nos. 15 & 16]. Specifically, Plaintiff contends that his incarceration in the SHU violated his Eighth Amendment right to be free from "cruel and Unusual [sic] punishment." *Complaint* [#16] at 11. Plaintiff also contends that he was denied due process because he was confined in the SHU for twenty-three months without any administrative review. *Id.* Finally, Plaintiff alleges, separate from his allegations about his confinement in the SHU, that a March 2007 prison disciplinary conviction denied him due process and falsely labeled Plaintiff as "guilty of rape." *Id.* at 10, 12.

Pursuant to the Motion, Defendants argue that Plaintiff's claims should be dismissed because he failed to exhaust them and because they are barred by the applicable statute of limitations. *Motion* [#55] at 4, 9. By contrast, Plaintiff argues that the CDOC has thwarted all of his efforts to file grievances and that his claims are not otherwise barred. *Response* [#60] at 5.

## II. Standard of Review

The purpose of a summary judgment motion is to assess whether trial is necessary.

*See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Fed. R. Civ. P 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986).  A fact is "material" if it might affect the outcome of the suit pursuant to the governing substantive law. *Id.*

The movant must show the absence of a genuine issue of material fact. *Alder v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671.

After the movant has met the initial burden, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *In re Ribozyme Pharm. Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).  Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).  Further, the

nonmoving party's affidavit or evidence must be more than "mere reargument of a party's case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738, at 356 (3d ed. 1998).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

Although the Motion raises a substantive argument in support of dismissal, I find that the Motion may be resolved on the procedural ground submitted by Defendants. Specifically, Defendants argue, and I agree, that the Complaint must be dismissed for Plaintiff's failure to exhaust his administrative remedies. *Motion* [#55] at 3-4.

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions via federal complaint. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

4

available are exhausted.

42 U.S.C. § 1997e(a).

As noted above, Defendants argue that Plaintiff failed to exhaust his administrative remedies with respect to any of his claims such that he is barred from bringing this suit pursuant to the PLRA. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 918-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 2382 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, the burden is not on Plaintiff to sufficiently plead exhaustion or attach exhibits to his Complaint proving exhaustion. *Jones*, 549 U.S. at 215. Rather, the burden is on Defendants to assert a failure to exhaust in their dispositive motion. Here, Defendants' failure to exhaust defense is analyzed pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented does not create a genuine issue in Plaintiff's favor as to whether his claims were properly exhausted, the Complaint *must* be dismissed without prejudice. *See Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866, at *1 & n.1 (D. Kan. Apr. 16, 2008) (unpublished decision) (citing *Fields v. Ok. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice).

As a preliminary matter, the prison facility is tasked with the responsibility of establishing grievance procedures. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion."). "Compliance with prison grievance procedures, therefore, is all that is required by PLRA to 'properly exhaust.'" *Baldauf v. Garoutte*, No. 03-cv-01104, 2007 WL 2697445, at *4 (D.

Colo. Sept. 11, 2007) (unpublished decision) (citation omitted).  Here, the grievance procedures and methods for tracking filed grievances were described in the affidavit of USP - Florence supervisory attorney, Christopher B. Synsvoll [Docket No. 55-1].  Pursuant to the BOP grievance policy in effect, inmates must grieve any alleged injuries by pursuing a four-step process:  (1) the inmate must attempt informal resolution with prison staff; (2) after receiving a response, the inmate must appeal the response to the warden; (3) upon completion of the warden's review, the inmate must appeal to the regional director; and (4) finally, the inmate fully exhausts his administrative remedies by appealing the regional director's decision to the general counsel's office in Washington, D.C.  *Declaration* [#55-1] at 4-5.  Morever, grievances ordinarily must be filed within a certain time period or they are considered waived.  *Id*. at 5.

The Tenth Circuit has found that an inmate must appeal his grievance through all available channels to fully exhaust his administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").  Despite the PLRA's strict requirements, there is a recognized exception to the requirement to exhaust when procedures are not available – e.g., when an inmate has been prevented from filing a grievance or the facility refused to answer a grievance.  *See id*.

In support of their Motion, Defendants contend that the following facts are undisputed:  (1) Plaintiff filed administrative grievances that relate to the three claims currently at issue in Plaintiff's operative Complaint; however, (2) Plaintiff did not appeal any of his administrative grievances regarding these claims to the final step of the four-step

6

grievance process.  *Motion* [#55] at 3-4.  Specifically, Defendants cite the affidavit of Mr. Synsvoll, wherein he avers that the BOP tracks the grievances filed by inmates, and that Plaintiff has not exhausted his administrative remedies with respect to any claim asserted in his Complaint.  *Declaration* [#55-1] at 6.  While Plaintiff did file multiple grievances related to the incident report and his detention in the SHU at USP - Florence, he did not pursue any of them through the final step of the four-step grievance process.  *Id.*; *Inmate Grievance History* [#55-5] at 33.  The fourth step requires that Plaintiff file his grievance with "National Inmate Appeals, in the office of the General Counsel in Washington D.C." *Declaration* [#55-1] at 5.

I find that Defendants have met their initial burden of demonstrating the absence of evidence to show that Plaintiff satisfied the PLRA exhaustion requirement.  The burden therefore shifts to Plaintiff to show the existence of a genuine dispute about his alleged failure to exhaust.  Read liberally, Plaintiff offers four arguments to justify his failure to exhaust.  First, Plaintiff contends that he was "thwart [sic] by the defendants thereby excusing his compliance with [the exhaustion] requrement [sic]."  *Response* [#60] at 5.[2] Second, Plaintiff claims that "[i]t doesn't make sense that [he] would file" grievances in satisfaction of the first three steps of the grievance process without complying with the final step. *Compare id.*, *with Declaration* [#55-1] at 5.  Third, Plaintiff contends that he submitted

---

[2] The Court notes that Plaintiff's Response [Docket No. 60] also serves as an affidavit, as the assertions made therein are made under penalty of perjury.  *See Lantec, Inc., v. Novell, Inc.*, 306 F.3d 1003, 1018-19 (10th Cir. 1992).  "A district court may treat a verified [pleading] 'as an affidavit for purposes of summary judgment if it satisfies the standards set out in Rule 56(e).'"  *Id.* at 1119 (citation omitted). "According to Rule 56(e), an affidavit must 'be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent . . . .'"  *Id.*  However, the Court "need not treat a verified [pleading] as an affidavit if 'the allegations contained in the pleading are merely conclusory.'"  *Id.* (citing *Conaway v. Smith*, 853 F.2d 789, 792 n.4 (10th Cir. 1998)).

7

his Step Four grievance to the "Central Office but no respond [sic] came back." *Response* [#60] at 5. Finally, Plaintiff argues that officials at FCI - Petersburg called officials at USP - Florence on his behalf to discuss the conduct at issue in the Complaint and that the alleged phone call should satisfy the exhaustion requirement pursuant to the PLRA. *Id.*

As noted above, it is true that "[w]here prison officials prevent or thwart a prisoner from utilizing an administrative remedy, they have rendered that remedy 'unavailable' and a court will deem that procedure 'exhausted.'" *Hoover v. West*, 93 Fed. Appx. 177, 181 (10th Cir. Feb. 19, 2004) (unpublished decision). However, the Court may reject "conclusory and self-serving statements [from an] affidavit and pleadings" that are offered to explain a prisoner's failure to exhaust. *Thomas v. BOP*, No. 07-1426, 2008 WL 2498049, at *3 (10th Cir. June 24, 2008) (unpublished decision). A plaintiff's "conclusory and self-serving statements, even if presented in an affidavit, are insufficient to create a genuine issue of fact to survive summary judgment." *Id.*; *see also Conaway*, 853 F.2d at 792 n.4 ("[A] nonmoving party may not rely merely on the unsupported or conclusory allegations contained in pleadings to rebut the movant's factual proof in support of the motion for summary judgment.").

To meet his burden here, Plaintiff "must respond with specific facts demonstrating genuine issues requiring resolution at trial." *Conaway*, 853 F.2d at 792 n.4. For example, to the extent that Plaintiff claims to have the appropriate documentation to demonstrate an attempt to exhaust, but does not attach any documentation, his conclusory allegations are insufficient to survive a motion for summary judgment. *See Bell v. Ward*, 189 Fed. Appx. 802, 804 (10th Cir. July 26, 2006) (unpublished decision) (holding that plaintiff's unsupported allegation that he had copies of the administrative appeal he had attempted

8

to file was not enough, without providing the actual documentation, to survive a motion for summary judgment on the issue of exhaustion).

Addressing Plaintiff's specific contentions, even a charitable review of Plaintiff's Response does not prompt the Court to find that factual disputes exist as to whether Plaintiff exhausted his administrative remedies. In relation to his first contention, Plaintiff does not attach any documentation, or allege specific facts, to support his conclusory and speculative allegations that Defendants impeded his ability to file a Step Four grievance. *See White v. Tharp*, No. 06-cv-01179, 2008 WL 596156, at *10 (D. Colo. Feb. 29, 2008) (unpublished decision) (holding that plaintiff failed to create a genuine issue of material fact because he "failed to 'assert facts sufficient to establish that the defendant's actions prevented [his] filing' . . . ." (citation omitted)); *see also Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (holding that because plaintiffs' affidavits were "merely conclusory and [did] not provide any factual bases for [plaintiffs] inference," the claim could not survive summary judgment).

In relation to Plaintiff's second contention, i.e., that Plaintiff would obviously file a Step Four grievance because he filed the first three, I find that this self-serving and speculative statement lacks any evidentiary support. Specifically, Plaintiff does not provide the Court with "actual evidence that would allow the [C]ourt to conclude that [Plaintiff's Step Three grievance] was in fact submitted." *Allen v. Schmutzler*, No. 07-cv-01224, 2010 WL 618489, at *6 (D. Colo. Feb. 18, 2010). Moreover, this contention is inconsistent with Plaintiff's first argument that Defendants thwarted his efforts to file a Step Four grievance. Because Plaintiff offers no competent evidence in relation to the argument that he would obviously file a Step Four grievance, it is subject to rejection. *See BancOklahoma*

9

*Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1101 (10th Cir. 1999) ("While an affidavit is certainly an appropriate vehicle to establish a fact for summary judgment purposes, the affidavit must set forth *facts*, not conclusory statements." (emphasis added)); *see also Wallin v. Dycus*, No. 03-cv-00174, 2009 WL 2490127, at *5 (D. Colo. Aug 13, 2009) (unpublished decision) (noting that a plaintiff "cannot defeat a motion for summary judgment by standing on his own unsupported, self-serving allegations").

In relation to Plaintiff's third contention, i.e., that the Central Office failed to respond to his final grievance, I find that without proof that Plaintiff actually filed a Step Four grievance, this statement is also conclusory and lacks evidentiary support. *See Bell*, 189 Fed. Appx. at 804. As such, it is insufficient to rebut Defendants' evidence that no Step Four grievance was ever filed by Plaintiff. *See Maclary v. Carroll*, 142 Fed. Appx. 618, 620 (3d Cir. Aug. 9, 2005) (unpublished decision) (holding that plaintiff's "bare assertions" that his grievances were "unanswered and unprocessed" did not create a genuine issue of material fact). I need not accept Plaintiff's statement as true when it is "blatantly contradicted by the [evidentiary] record." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Finally, in relation to Plaintiff's fourth contention, i.e., that an alleged phone call sufficiently exhausted his administrative remedies, Plaintiff fares no better. Simply, "strict compliance [with a prison's administrative grievance process] is required by the PLRA . . . ." *Chavez v. Thorton*, No. 05-cv-00607, 2008 WL 2020319, at * 4 (D. Colo. May 9, 2008) (unpublished decision) (holding that an inmate's handwritten letter, not drafted on the appropriate grievance form, failed to meet the PLRA's stringent exhaustion requirement). The avenues to comply with the BOP's grievance procedure are well articulated and a phone call does not satisfy, nor is it even contemplated by, the four-step grievance process

required of BOP prisoners.

Therefore, with no further evidence before the Court, there is nothing to refute Defendants' well-supported contention that Plaintiff failed to exhaust his administrative remedies with respect to the conduct at issue in his Complaint. *See Declaration* [55-1] at 5; *Inmate Grievance History* [#55-5] at 33. Accordingly, Defendants are entitled to summary judgment.

## IV. Conclusion

For the aforementioned reasons, I respectfully **RECOMMEND** that **Defendants' Motion for Summary Judgment** [#55] be **GRANTED** and that the case against them be **DISMISSED without prejudice** for Plaintiff's failure to exhaust his administrative remedies.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: July 19, 2010

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix