IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02561-DME-KLM

TERRY TYLER,

       Plaintiff,

v.

J. JONES, Acting Warden,
CAPTAIN CHRIS, and
UNIT MANAGER DERR

       Defendants.

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE**

       This matter is before the Court on Magistrate Judge Mix's July 19, 2010, Recommendation [Doc. No. 68] that this Court grant Defendants' Motion for Summary Judgment [Doc. No. 55]. Plaintiff has filed a timely Objection to the Recommendation [Doc. No. 72]. After reviewing the Magistrate Judge's Recommendation de novo, see Fed. R. Civ. P. 72(b)(3), the Court adopts the Recommendation.

       Plaintiff Terry Tyler, a prisoner at the Federal Correctional Institution (FCI) in Petersburg, Virginia, filed suit against Defendants on October 23, 2009, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In his three-count Second Amended Prisoner Complaint [Doc. No. 16], Plaintiff alleges that when he was previously incarcerated at the United States Penitentiary (USP) in Florence, Colorado, Defendants violated his Eighth Amendment right to be free from

cruel and unusual punishment and his Fifth Amendment right to due process by confining him in the Special Housing Unit for twenty-three months without administrative review. Plaintiff also alleges that he was denied due process when he received a false incident report in July 2007 finding him "guilty of rape." On June 3, 2010, Defendants moved for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies and that his claims are barred by the statute of limitations. Plaintiff filed a Response [Doc. No. 60] arguing that he did exhaust, that Defendants impeded his efforts to exhaust, and that his claims are not time barred.

The Court agrees with the Magistrate Judge that it need not address the statute of limitations issue because the evidence demonstrates that Plaintiff did not exhaust his administrative remedies. Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a plaintiff must exhaust available administrative remedies before filing an action in federal court challenging prison conditions. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Brock, 549 U.S. 199, 211 (2007). Furthermore, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a [Bivens] claim under PLRA for failure to exhaust his administrative remedies." Jernigan, 304 F.3d at 1032.

Here, it is undisputed that the Bureau of Prisons (BOP) has established a four-step prison grievance procedure providing for review at three different levels: institutional,

regional, and national. Defendants have introduced evidence from a BOP database[1] indicating that Plaintiff has not pursued any of his claims through the final level of the administrative process. Plaintiff responds to this evidence by stating (1) that he submitted a final grievance and never received a response, and (2) that it would make no sense for him to have filed grievances at the institutional and regional levels but not at the national level.[2] As the Magistrate Judge properly found, these self-serving, conclusory allegations are insufficient to create a genuine issue of material fact in the absence of any actual proof that Plaintiff filed a step-four grievance. See Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (explaining that affidavits that are "merely conclusory and do not provide any factual bases for [a plaintiff's] inference" are not sufficient to defeat summary judgment); Wallin v. Dycus, No. 03-cv-00174, 2009 WL 2490127, at *5 (D. Colo. Aug. 13, 2009) (unpublished) ("In contrast to Plaintiff's objection, he cannot defeat a motion for summary judgment by standing on his own unsupported, self-serving allegations.").

Plaintiff also argues, somewhat inconsistently, that Defendants prevented him from exhausting his administrative remedies, thereby excusing his failure to comply with

---

[1] This database, known as SENTRY, tracks administrative remedy complaints and appeals.

[2] Plaintiff's Response can also be read to suggest that a phone call between officials at FCI–Petersburg and USP–Florence regarding the conduct described in the allegedly false incident report satisfied the exhaustion requirement. This phone call, however, does not help Plaintiff. The BOP's grievance procedure does not contemplate a phone call, and the PLRA requires strict compliance with a prison's administrative grievance process. Chavez v. Thorton, No. 05-cv-00607, 2008 WL 2020319, at *4 (D. Colo. May 9, 2008) (unpublished); see also Asberry v. Okla. Dep't of Corr., 364 Fed. App'x 493, 496 (10th Cir. Feb. 9, 2010) (unpublished) (noting that "substantial compliance with grievance procedures is insufficient").

the requirement.[3] The Tenth Circuit has recognized that "[w]here prison officials prevent or thwart a prisoner from utilizing an administrative remedy, they have rendered that remedy 'unavailable' and a court will deem that procedure 'exhausted.'" Hoover v. West, 93 Fed. App'x 177, 181 (10th Cir. Feb. 19, 2004) (unpublished). But Plaintiff has neither offered documentation nor alleged specific facts to support his allegation that Defendants thwarted his efforts in this case. His conclusory allegation, standing alone, does not create a genuine issue of material fact. See Thomas v. Bureau of Prisons, No. 07-1426, 2008 WL 2498049, at *3 (10th Cir. June 24, 2008) (unpublished) (holding that a prisoner's "conclusory and self-serving statements" regarding his inability to comply with a prison grievance procedure were insufficient to create a genuine issue of material fact); White v. Tharp, No. 06-cv-01179, 2008 WL 596156, at *10 (D. Colo. Feb. 29, 2008) (unpublished) (finding that a prisoner's "unsupported conclusory allegations" that prison officials obstructed his attempt to use the administrative process were insufficient to create a genuine fact issue).

Because Plaintiff has failed to raise a genuine issue of material fact regarding his failure to exhaust his administrative remedies, the Court agrees with Magistrate Judge Mix's Recommendation and adopts it in full. Therefore, Defendant's Motion for

---

[3] This seems to be the only argument still relied upon in Defendant's Objection, where he cites Aceves v. Swanson, 75 Fed. App'x 295 (5th Cir. Sept. 17, 2003) (unpublished), for the proposition that a federal court may entertain a prisoner complaint despite the prisoner's failure to exhaust administrative remedies when those remedies are not actually "available." In Aceves, the court held that administrative remedies are not "available" if prison staff refuses to supply the proper grievance forms. 75 Fed. App'x at 296.

Summary Judgment is hereby GRANTED. This action is DISMISSED in its entirety, including any pending motions, and judgment shall be entered accordingly.

Dated this   23rd   day of      September    , 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE